UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| IN RE: | CASE NO. 17-11380-RBR |
|---|---|
| STEMTECH INTERNATIONAL, INC., | CHAPTER 11 |
| Debtor. | |

**DEBTOR'S APPLICATION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
EMPLOYMENT OF GLASSRATNER ADVISORY & CAPITAL GROUP, LLC AS
FINANCIAL ADVISORS**

STEMTECH INTERNATIONAL, INC. ("STI") (the "Debtor") respectfully requests entry of an order of the Court authorizing the employment of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") to serve as financial advisors to the Debtor in this case (the "Case"), and states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief requested is 11 § U.S.C. § 327(a).

**GENERAL BACKGROUND**

3. On February 2, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The Debtor remains in possession of its assets and is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

**RELIEF REQUESTED**

4. Subject to the approval of this Court, the Debtor desires to employ GlassRatner as financial advisors, *nunc pro tunc* to the Petition Date.

5. GlassRatner will assist the Debtor with the following:

    (a) to review and validate, or if requested, assist with the development of the Debtor's business plan, cash flow projections, restructuring programs, and other reports and analyses prepared by the Debtor or its professionals in order to advise the Debtor on the viability of the continuing operations and the reasonableness of projections and underlying assumptions;

    (b) to advise and assist in the planning, development of and analysis of any restructuring plan and cash flow budgets to be presented to the Debtor's creditors;

    (c) to review, evaluate and analyze proposed transactions for which the Debtor may seek approval of the Court, including, but not limited to, debtor in possession financing, use of cash collateral, cash management, assumption and rejection of leases and other contracts, asset sales, management compensation and/or retention and severance plans;

    (d) to assist the Debtor in preparing schedules and statement of financial affairs;

    (e) to assist the Debtor in preparing monthly operating reports and other reports for filing with the Court;

    (f) to review and analyze the development, evaluation and documentation of any plan of reorganization or strategic transactions, including development, structuring and negotiating the terms and conditions of potential plan or strategic transaction(s) and the consideration to be provided to the Debtor's estate;

    (g) to render testimony in connection with the foregoing as may be required;

    (h) to coordinate operations of the Debtor with its management and counsel and assist management with monitoring and reporting to the Court and parties in interest; and

    (i) to render such other advice and services as the Debtor may require.

18747702 0929080

6. Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay GlassRatner its standard hourly rates and reimburse GlassRatner for expenses according to GlassRatner's customary reimbursement policies. The hourly rates for GlassRatner personnel expected to be involved in this matter range from $195.00 for associates, $275.00 for directors, and $425.00 for partners. The hourly rate of Thomas J. Santoro is $425.00 per hour.

7. The hourly rates discussed above are GlassRatner's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, seniority.

8. Moreover, GlassRatner will charge for reasonable and necessary out of pocket expenses, such as photocopying, courier, travel, parking, postage and other reasonable and customary costs. GlassRatner will file requests for awards of fees and costs consistent with 11 U.S.C. § 330. Awarded fees will be paid from unencumbered cash, cash collateral and/or a carveout.

**DISINTERESTEDNESS OF FINANCIAL ADVISOR**

9. To the best of the Debtor's knowledge, GlassRatner does not have any connection with the creditors or other parties in interest or their respective attorneys, except as disclosed in the Affidavit in support of this Application.

10. GlassRatner has agreed to accept the compensation on the bases set forth herein for the services to be rendered and expenses to be incurred in connection with its role as financial advisor such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other

11. To the best of the Debtor's knowledge and based on the *Affidavit of Thomas Santoro* submitted in connection with this Application, there are no arrangements between GlassRatner and any other entity to share compensation to be received in connection with this Case, other than as permitted by section 504 of the Bankruptcy Code.

12. Attached to this Motion as Exhibit "A" is the affidavit demonstrating that GlassRatner is "disinterested."

**WHEREFORE,** the Debtor respectfully requests the entry of an order: (i) authorizing the retention of GlassRatner as financial advisors to the Debtor *nunc pro tunc* to the Petition Date; and (ii) granting such other and further relief as this Court deems proper.

DATED: February 2, 2017.

Stemtech International, Inc.

By: _____
Ray C. Carter, Jr., CEO

18747702 0929080