**STEMTECH INTERNATIONAL, INC.**

**Case No. 17-11380-RBR**

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| IN RE: | CASE NO. |
|---|---|
| STEMPTECH INTERNATIONAL, INC., | CHAPTER 11 |
| Debtor. | |

**VERIFIED STATEMENT OF PROPOSED
FINANCIAL ADVISOR FOR DEBTOR**

THOMAS SANTORO, under penalty of perjury, states as follows:

1. I am a principal in the firm of GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), with offices located at 200 East Broward Boulevard, Suite 1010, Fort Lauderdale, Florida 33301.

2. I submit this Affidavit in support of the *Application for Entry of Interim and Final Orders Authorizing Employment of Thomas Santoro and GlassRatner Advisory & Capital Group, LLC as Financial Advisors,* in which the Debtor requests authorization to employ GlassRatner as the Debtor's financial advisor (the "Application").

3. The names, addresses and facsimile numbers of GlassRatner and the professional that is expected to be primarily responsible for these matters are:

> GlassRatner Advisory & Capital Group, LLC
> 200 East Broward Boulevard, Suite 1010
> Fort Lauderale, FL 33301
> Telephone: (954) 859-5066
> Facsimile: (954) 859-6068
> Thomas Santoro (tsantoro@glassratner.com)

4. GlassRatner is well qualified to serve as financial advisor to the Debtor in the manner described in the Application. Generally, GlassRatner intends to render the following types of professional services in connection with this Case:

18749624  0929080

(a) to review and validate, or if requested, assist with the development of the Debtor's business plan, cash flow projections, restructuring programs, and other reports and analyses prepared by the Debtor or its professionals in order to advise the Debtor on the viability of the continuing operations and the reasonableness of projections and underlying assumptions;

(b) to advise and assist in the planning, development of and analysis of any restructuring plan and cash flow budgets to be presented to the Debtor's creditors;

(c) to review, evaluate and analyze proposed transactions for which the Debtor may seek approval of the Court, including, but not limited to, debtor in possession financing, use of cash collateral, cash management, assumption and rejection of leases and other contracts, asset sales, management compensation and/or retention and severance plans;

(d) to assist the Debtor in preparing schedules and statement of financial affairs;

(e) to assist the Debtor in preparing monthly operating reports and other reports for filing with the Court;

(f) to review and analyze the development, evaluation and documentation of any plan of reorganization or strategic transactions, including development, structuring and negotiating the terms and conditions of potential plan or strategic transaction(s) and the consideration to be provided to the Debtor's estate;

(g) to render testimony in connection with the foregoing as may be required;

(h) to coordinate operations of the Debtor with its management and counsel and assist management with monitoring and reporting to the Court and parties in interest; and

(i) to render such other advice and services as the Debtor may require.

5. There are no arrangements between GlassRatner and any other entity to share compensation received or to be received in connection with the case.

6. GlassRatner acknowledges that all amounts paid to GlassRatner during the case are subject to final allowance by the Court. In the event that the Court disallows any fees or expenses paid to GlassRatner the fees and expenses (to the extent previously paid) will be disgorged by GlassRatner and returned to the appropriate party or as otherwise ordered by the Court.

7. Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay GlassRatner its standard hourly rates and reimburse GlassRatner for expenses according to GlassRatner's customary reimbursement policies. The hourly rates of GlassRatner are as follows: (i) directors and managers charge $195.00-$335.00 per hour; and (ii) associates and other professional staff charge $150.00-$190.00 per hour. My hourly rate is $425.00.

8. The hourly rates set forth above are GlassRatner's standard hourly rates charged to all clients. These rates are set at a level designed to compensate GlassRatner fairly for the work of its professionals and assistants and to cover expenses. GlassRatner's rates are subject to adjustment, generally on an annual basis to reflect, among other things, changes in seniority.

9. It is GlassRatner's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier, toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," filing fees, computerized research, transcription costs, and appearance fees. GlassRatner will charge the Debtor for these expenses in a manner and rates consistent with charges made generally to GlassRatner's other clients or as previously fixed by this Court. GlassRatner believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

18749624 0929080

10. GlassRatner categorizes its billing by subject matter and in compliance with the applicable guidelines of the U.S. Trustee's Office. GlassRatner acknowledges its compensation in the Debtor's case is subject to approval of the Court in accordance with sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

11. Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except as otherwise disclosed by GlassRatner and approved by the United States Bankruptcy Court.

**Disinterestedness:**

12. GlassRatner has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtor's case. GlassRatner maintains a database containing the names of current, former, and other principal parties related to such clients. I caused GlassRatner to review and analyze the conflict database to determine whether GlassRatner has any connection with the principal parties in interest in this case to the best of our knowledge, using information provided to GlassRatner by the Debtor and information contained in the database. The following is a list of the categories of known entities that GlassRatner has searched:

    (a)    creditors of the Debtor;

    (b)    pre-petition lenders of the Debtor;

    (c)    shareholders of the Debtor; and

    (d)    known counsel to the foregoing.

13. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither, I, GlassRatner, nor any principal, director, or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned Debtor, its creditors or any other parties in interest, or their respective attorneys and accountants, and the United States

18749624 0929080

Trustee or any person employed in the office of the Unites States Trustee, except for the following:

      (a)    I have retained Michael D. Seese and Seese, P.A. as special counsel in my capacity as Plan Administrator in the *In re: E-Brands Restaurants, LLC, et al.*, cases pending before the United States Bankruptcy Court for the Middle District of Florida;

      (b)    I have retained Michael D. Seese and Seese, P.A. as special counsel in my capacity as Plan Administrator in the *In re: Grand Seas Resort Partners,, et al.*, cases pending before the United States Bankruptcy Court for the Southern District of Florida;

      (c)    I am the court appointed collection agent in the *Multimedia Platforms Worldwide, Inc et al*. Chapter 11 proceedings, assigned with the task of collecting and accounting for pre-petition accounts receivable owned by the Debtors, in which Michael D. Seese and Seese, P.A. are counsel for the Debtors, pending before the United States Bankruptcy Court for the Southern District of Florida.

      (d)    There are creditors of the Debtor which have been creditors of, or adverse to, other entities represented by GlassRatner in cases and matters wholly unrelated to this bankruptcy case. These creditors include *American Express*.

14.    Except as otherwise provided herein, to the best of my knowledge, and based upon the foregoing efforts, GlassRatner and its professionals employed by it are disinterested persons who do not hold or represent an interest adverse to the estate, and except as set forth above, do not have any connection either with the Debtor, its creditors, or any other party in interest in this case or with their respective attorneys our accountants, with the judges of this Court, or with the United States Trustee or any person employed in the Office of the United States Trustee. Therefore, neither I nor the firm represent any interest adverse to the Debtor or the estate, and we are "disinterested" persons as defined in section 10 1(14) and as required by section 327(a) of the Bankruptcy Code.

15.    GlassRatner makes the following additional disclosures with respect to GlassRatner's disinterestedness. References to GlassRatner include all professionals expected to render services in this case:

5

(a) GlassRatner is not and was not a creditor, equity security holder, or insider of the Debtor; and

(b) GlassRatner is not and was not, within two years before the date of filing of the petition herein, a director, officer or employee of the Debtor; and

(c) GlassRatner has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 2nd, 2017.

_____
Thomas Santoro