UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

STEMTECH INTERNATIONAL, INC.,   Case No. 17-11380-RBR
               Chapter 11

  Debtor.
_____/

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT
OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER
SINGERMAN LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 22, 2017**

The Official Committee of Unsecured Creditors (the "Committee") of Stemtech International, Inc. (the "Debtor"), hereby submits this application (the "Application"), pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014, seeking the approval of the employment of Paul Steven Singerman and the law firm of Berger Singerman LLP ("BSLLP"), to represent the Committee as its counsel in this chapter 11 case, *nunc pro tunc* to February 22, 2017. In support of the Application, the Committee relies upon the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP as Proposed Counsel for the Official Committee of Unsecured Creditors* attached hereto as **Exhibit "A"** (the "Singerman Declaration"), and respectfully represents the following:

**Background**

1. On February 2, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2.     On February 22, 2017, the Office of the United States Trustee appointed the Committee consisting of the following three (3) members:  (i) Andrew Paul Leonard; (ii) Cerule, LLC; and (iii) Wilhelm Keller.

3.     At a duly convened telephonic meeting of the informal ad hoc committee held on February 22, 2017 at 11:00 a.m. Eastern, in respect of which notice was given to all three Committee members and at which all three Committee members participated along with two of their respective counsel, the Committee unanimously voted to retain BSLLP as its counsel.  After the formal constitution of the Committee and the appointment of the Committee members by the Office of the United States Trustee, the three Committee members unanimously ratified the retention of BSLLP as its counsel to advise and represent the Committee in this chapter 11 case, *nunc pro tunc* to February 22, 2017.

4.     BSLLP has substantial experience in reorganization cases and is qualified to act as counsel to the Committee in this case.

## Relief Requested

5.     The Committee believes that it is in the best interests of the Committee and the unsecured creditors in this case to retain BSLLP as the Committee's counsel.  The Committee believes that the attorneys of BSLLP are qualified to practice in this Court, and believes that BSLLP's experience in representing unsecured creditors' committees in this chapter 11 case will provide efficient representation to the Committee.

6.     BSLLP has experience in representing creditors' committees in chapter 11 proceedings, such as:  *In re Sea Island Company, et al.,* in the United States Bankruptcy Court for the Southern District of Georgia, Brunswick Division, Case No. 10-21034; *In re First Foliage, L.C.* in the United States Bankruptcy Court for the Southern District of Florida, Miami

Division, Case No. 10-27532-LMI; *In re Taylor, Bean & Whitaker Mortgage Corp.* in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Case No. 09-07047-JAF; and *In re ITG Vegas, Inc., et al.* in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, Case No. 06-16350-PGH.

7.      As a result, the Committee seeks to retain BSLLP as its counsel in light of its experience representing committees and believes that BSLLP is well qualified to represent the Committee in this case.

8.      The professional services BSLLP will render to the Committee includes, but is not limited to, the following:

a.      Attend the meetings of the Committee;

b.      Review the financial and operational information furnished by the Debtor to the Committee;

c.      Analyze and negotiate the budget and the terms of the use of cash collateral and debtor-in-possession financing;

d.      Assist in the efforts to sell assets of the Debtor in a manner that maximizes value for creditors;

e.      Review and investigate the liens of purportedly secured parties;

f.      Review and investigate prepetition transactions in which the Debtor and/or its lenders were involved;

g.      Confer with the principals, counsel and advisors of the Debtor's lenders and equity holders;

h.      Review the Debtor's schedules, statements of financial affairs and business plan;

i.      Advise the Committee as to the ramifications regarding all of the Debtor's activities and motions before this Court;

j.      Prepare and file appropriate pleadings on behalf of the Committee;

k.      Analyze and negotiate any proposed chapter 11 plan or exit strategy in this case;

l.      Provide the Committee with legal advice in relation to this chapter 11 case;

m.      Prepare various applications and memoranda of law submitted to the Court for consideration, and handle all other matters relating to the representation of the Committee that may arise;

n.      Execute its duties under section 1103 of the Bankruptcy Code; and

o.      Perform such other legal services for the Committee as may be necessary or proper in this case.

9.      The Committee is satisfied that BSLLP has no interest which is adverse to the Debtor's estate.   The Committee believes that it is necessary to employ BSLLP and that such employment is in the best interests of the Debtor's estate.

10.      BSLLP will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of Florida, and the terms of any order entered in this case governing interim compensation, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Committee.

11.      Based upon the Singerman Declaration, the Committee is satisfied that (i) BSLLP represents no interest adverse to the Committee, the Debtor, or the estate in the matters upon

which BSLLP is to be engaged, and that the employment of BSLLP is in the best interest of the estate; (ii) BSLLP has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee; and (iii) BSLLP has not been paid any retainer against which to bill fees and expenses.  To the best of the Committee's knowledge, BSLLP has no connection with creditors or any other party in interest except as otherwise noted in the Singerman Declaration.

**WHEREFORE**, the Committee respectfully requests entry of an order in the form attached hereto as **Exhibit "B"** (i) approving the Committee's employment of Paul Steven Singerman and the law firm of Berger Singerman LLP, as counsel to the Committee in this chapter 11 case, *nunc pro tunc* to February 22, 2017; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  February 22, 2017              Respectfully submitted,

                                       The Official Committee of Unsecured Creditors of
                                       Stemtech International, Inc.


                                       By: _____
                                            Andrew Paul Leonard, Interim Chair

# EXHIBIT "A"

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

STEMTECH INTERNATIONAL, INC.,       Case No. 17-11380-RBR
                                    Chapter 11

      Debtor.
_____/

### DECLARATION OF PAUL STEVEN SINGERMAN ON BEHALF OF BERGER SINGERMAN LLP, AS PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 22, 2017

1.      I am Paul Steven Singerman.  I am an attorney and through my professional association corporation, a member of the law firm of Berger Singerman LLP ("Berger Singerman"). Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 313 North Monroe Street, Ste. 301, Tallahassee, Florida 32301 and One Town Center Road, Suite 301, Boca Raton, FL 33486.  I am familiar with the matters set forth herein and make this Declaration in support of the *Application for Approval of the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP, as Counsel for the Official Committee of Unsecured Creditors, Nunc Pro Tunc to February 22, 2017* (the "Application").

2.      In support of the Application, I disclose the following:

(a)      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)      In preparing this Declaration, I and others working with me on this case reviewed lists of the creditors and interested parties of the Debtor, Stemtech International, Inc. (the

"Debtor"), as reflected on the Debtor's matrix as filed with the Court as of February 22, 2017.[1]    I caused our accounting department to compare the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor and the creditors of the Debtor.   Based upon such search, our firm does not represent any entity in a matter that would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.

3.       Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons who is responsible for the supervision of the department of our firm which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

---

[1] Berger Singerman will supplement this Declaration to disclose any additional connections Berger Singerman has, if any, upon the filing by the Debtor of its respective schedules of assets and liabilities.

7665935-1

4.      A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

(a)      Effective on or about February 17, 2017, Matthew S. Nelles joined Berger Singerman as a partner and is resident in the firm's Fort Lauderdale office.  Prior to joining Berger Singerman, Mr. Nelles was a partner in the Fort Lauderdale office of Broad and Cassel LLP.  While a lawyer at Broad and Cassel, Mr. Nelles assisted in that firm's representation of the Debtor in connection with collection efforts by Mr. Andrew Paul Leonard related to litigation Mr. Leonard commenced against the Debtor in the United States District Court for the District of Delaware (*Andrew Paul Leonard* v. *Stemtech Health Sciences, Inc. et al.*, C.A. No. 08-067 LPS-CJB (Consolidated) (D. Del.)).  In that litigation, Mr. Leonard obtained an amended judgment on December 29, 2015, against the Debtor in the approximate amount of $1.6 million (plus post-judgment interest) [District Court Docket, ECF No. 287].  While at Broad and Cassel, Mr. Nelles did not serve in the capacity as general counsel to the Debtor nor was Mr. Nelles involved in the underlying litigation which resulted in the amended judgment against the Debtor.  Rather, Mr. Nelles' work was limited to responding to post-judgment collection efforts by Mr. Leonard against the Debtor.  Mr. Nelles will not be involved in this firm's representation of the Committee, and I and this firm under my direction will take steps to make sure that Mr. Nelles is ethically walled from this firm's representation of the Committee and any information related to such representation.

(b)      *American Express* is listed as a creditor or interested party of the Debtor. Berger Singerman represented *American Express* in matters that were wholly unrelated to the instant bankruptcy case, all of which have been closed.  In addition, Berger Singerman has represented a number of clients who are adverse to *American Express* in that they have incurred a debt to *American Express,* in matters wholly unrelated to the instant bankruptcy case;

3

(c)     Berkowitz Pollack & Brant Advisors and Accountants ("BPB") is a creditor of the Debtor and was appointed to serve on the committee of creditors holding unsecured claims (the "Committee") by the Office of the United States Trustee in this case.  I and other employees of Berger Singerman have personal friendships with a number of accountants at BPB. In addition, Berger Singerman and BPB have worked on a significant number of matters in which the interests of our respective clients were aligned and other matters in which the interests of our respective clients were adverse; and

(d)     *Federal Express* is listed as a creditor or interested party of the Debtor. Berger Singerman has represented a number of clients who are adverse to *Federal Express* in that they have incurred a debt to *Federal Express*  in matters wholly unrelated to the instant bankruptcy case;

(e)     The Debtor has sought the employment of GlassRatner Advisory & Capital Group LLC ("GlassRatner") as financial advisors in this bankruptcy case.   Berger Singerman has represented clients in matters that are wholly unrelated to the instant bankruptcy case where GlassRatner and/or its principals have been involved and I and other employees of Berger Singerman have friendships with employees of GlassRatner;

(f)     Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtor may be creditors of one or more of our firm's Non-Debtor Clients.   Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Committee in this case.

5.     Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in this case.

4

7665935-1

6.    The professional fees and costs incurred by Berger Singerman in the course of its representation of the Committee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

7.    The current hourly rates for the attorneys at Berger Singerman range from $295.00 to $695.00.  The current hourly rate of Paul Steven Singerman and Christopher Jarvinen, the partners who will be principally responsible for Berger Singerman's representation of the Committee, is $695.00 and $625.00 respectively.  When efficient to do so, other attorneys at Berger Singerman will work on this matter, and they have hourly rates lower than my hourly rate.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $75.00 to $235.00.  Berger Singerman typically adjusts its hourly rates annually on January 1st.

8.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

9.    No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

10.    No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

11.    No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

12.    No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

13.    No attorney in our firm is or has served as an officer, director or employee of a

5

financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

14.     No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

15.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

16.     Except as set forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

17.     This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on February 22, 2017.

*/s/ Paul Steven Singerman*
PAUL STEVEN SINGERMAN

6

7665935-1

## EXHIBIT "B"

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

STEMTECH INTERNATIONAL, INC.,                    Case No. 17-11380-RBR
                                                 Chapter 11

      Debtor.
_____/

### ORDER APPROVING APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 22, 2017

**THIS MATTER** came before the Court on the _____ day of February, 2017 at _____

a.m./p.m., in Miami, Florida, upon the *Application for Approval of the Employment of Paul*

*Steven Singerman and the Law Firm of Berger Singerman LLP, as Counsel for the Official*

*Committee of Unsecured Creditors, Nunc Pro Tunc to February 22, 2017* [ECF No. ___] (the

"Application"), filed by the Official Committee (the "Committee") of Unsecured Creditors of the

Debtor, Stemtech International, Inc. (the "Debtor"). The Court finds that it has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding pursuant to

7665693-1

28 U.S.C. § 157.  The Court, having considered the Application and the *Declaration of Paul Steven Singerman on Behalf of Berger Singerman LLP, as Proposed Counsel for the Official Committee of Unsecured Creditors, Nunc Pro Tunc to February 22, 2017* (the "<u>Declaration</u>") attached to the Application as Exhibit "A," finds that Berger Singerman LLP ("<u>Berger Singerman</u>") does not represent or hold any interest adverse to the Committee or the Debtor's estate, and finding that the employment of Berger Singerman LLP as counsel for the Committee is in the best interest of the Committee and the Debtor's bankruptcy estate, does thereupon

**ORDER** as follows:

1.      The Application is **APPROVED**.

2.      The employment by the Committee of Paul Steven Singerman and the law firm of Berger Singerman, as counsel to the Committee in this case, is **APPROVED**, pursuant to 11 U.S.C. § 1103, for the purposes set forth in the Application.

3.      Paul Steven Singerman and Berger Singerman are disinterested for purposes of their retention by the Committee in this case.

4.      The employment of Paul Steven Singerman and the law firm Berger Singerman by the Committee shall be *nunc pro tunc* to February 22, 2017.

5.       Berger Singerman shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Committee.  Berger Singerman will apply for compensation and reimbursement of costs.

2

6.    The Court shall retain jurisdiction to hear and determine all mattes arising from or related to the implementation of this Order.

#   #   #

<u>Submitted by:</u>
Paul Steven Singerman, Esq.
singerman@bergersingerman.com
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340

*(Attorney Singerman is directed to serve copies of this Order upon all interested parties and file a Certificate of Service with the Court).*

3