

**ORDERED in the Southern District of Florida on May 3, 2017.**

Raymond B. Ray, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

*In re:*                                                                            Case No. 17-11380-RBR

STEMTECH INTERNATIONAL, INC.,                          Chapter 11

      Debtor.                                                    /

**ORDER GRANTING IN PART MOTION (I) FOR RELIEF FROM THE AUTOMATIC STAY TO OFFSET PREPETITION SECURITY DEPOSIT; AND (II) TO COMPEL TIMELY PERFORMANCE UNDER THE LEASE, INCLUDING (A) RESTORATION OF THE DEFICIENCY IN THE SECURITY DEPOSIT, AND (B) PAYMENT OF RENT OBLIGATIONS ACCRUING POSTPETITION**

**THIS MATTER** came before the Court for hearing on March 9, 2017 at 10:00 a.m. (the "Hearing") upon the *Motion (I) For Relief From the Automatic Stay to Offset Prepetition Security Deposit; And (II) to Compel Timely Performance Under the Lease, Including (A) Restoration of the Deficiency in the Security Deposit, and (B) Payment of Rent Obligations*

*Accruing Postpetition* [ECF# 18] (the "Motion"),[1] filed by Chelsea Investments 350, LLC ("Landlord"), as creditor of Stemtech International, Inc. (the "Debtor"). The Court, having reviewed the Motion and heard the arguments of counsel at the Hearing, **ORDERS** as follows:

1. The Motion is **GRANTED** to the extent set forth in this Order.

2. The Landlord is authorized to apply the Security Deposit to unpaid prepetition obligations due under the Lease, including monthly rent obligations, common area maintenance, and applicable utilities in an amount either agreed to in advance in writing by the Debtor and Landlord or as determined by separate order of the Court.

3. The Landlord's request to require the Debtor to replenish the Security Deposit is **DENIED**.

4. The Debtor is directed to immediately pay to Landlord all postpetition obligations under the Lease accruing on and after the Petition, including rent, common area maintenance, the Debtor's share of electricity, and other applicable utilities; provided, however, the pro rata amount due for February 2, 2017 through and including February 28, 2017 (the "Stub Period"), as either agreed to in advance in writing by the Debtor and the Landlord or as determined by separate order of the Court, shall be paid no later than April 21, 2017.

5. Except as otherwise provided herein, in accordance with 11 U.S.C. § 365(d)(3), the Debtor is directed to timely pay to Landlord all postpetition obligations under the Lease, including rent, common area maintenance, the Debtor's share of electricity, and other applicable utilities, for each month after the Petition Date until the Lease is assumed or rejected.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

6. The Debtor and the Landlord shall confer in good faith in an effort to liquidate the amounts to be paid in accordance with paragraph 2 of this Order and on account of the Stub Rent in accordance with paragraph 4 of this Order.

# # #

**Respectfully submitted by:**
Robert Charbonneau
rpc@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Attorneys for Chelsea Investments 350, LLC*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. 305.722.2002
www.ecclegal.com

Copy to: Attorney Charbonneau, who is directed to serve a conforming copy upon all interested parties.