

**ORDERED in the Southern District of Florida on March 6, 2018.**

*[signature]*
Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

STEMTECH INTERNATIONAL, INC.,   Case No. 17-11380-RBR
                                Chapter 11
         Debtor.
_____/

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS (I) TO CONVERT
THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7
PURSUANT TO 11 U.S.C. §§ 1112(B)(1) AND 1112(B)(4)(A), (B) AND/OR (E)**

**THIS MATTER** came before the Court for an evidentiary hearing on January 11, 2018, February 7, 2018, and February 20, 2018, in Fort Lauderdale, Florida (collectively, the "Hearing") upon the (i) *Motion of the Official Committee of Unsecured Creditors (I) to Convert the Debtor's Chapter 11 Case to a Case Under Chapter 7 Pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), (B) and/or (E); or Alternatively, (II) to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and/or 1104(a)(2)* (the "Motion to Convert") [ECF Nos. 210 (redacted

8386294-1

version without exhibits) and 233 (redacted version with exhibits)]; and (ii) *Debtor's Objection to the Motion of the Official Committee of Unsecured Creditors (I) to Convert the Debtor's Chapter 11 Case to a Case Under Chapter 7 Pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), (B) and/or (E); or Alternatively, (II) to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and/or 1104(a)(2)* (the "Response," with the Motion to Convert, the "Pleadings") [ECF No. 232]. The Court, having reviewed the record before it in this chapter 11 case, including the Pleadings, the exhibits annexed to the Pleadings, having considered the testimonial and documentary evidence adduced at the Hearing, the argument of counsel, and being otherwise duly advised in the premises, finds as follows:

(i) Notice of the Hearing was sufficient, and no further notice was necessary;

(ii) The Official Committee of Unsecured Creditors of Stemtech International, Inc. (the "Committee") met the burden of proof imposed on it under 11 U.S.C. § 1112(b)(1) for conversion of Stemtech International, Inc.'s (the "Debtor") chapter 11 case to a case under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, for "cause," including: (1) the Debtor's estate is substantially administratively insolvent and has been for several months (*i.e.*, the Debtor's Monthly Operating Reports for October, 2017, November, 2017, and December, 2017, reflect (a) cash on hand of $269.05, $80.28 and $63.52, and (b) accrued and unpaid administrative expenses of $460,477.74, $499,119.30 and $557,540.30, respectively, Committee Exs. 1(ix) 1(x) and 13))[1]; (2) the Debtor has not filed a disclosure statement or plan since the

---

[1] There is little doubt, if any, that the extent of the Estate's administrative insolvency would deepen once fees of professionals for the Debtor and the Committee for January, 2018 (and the first 20 days of February) were taken into account, but as of the final Hearing date the Debtor had not yet filed its Monthly Operating Report for January, 2018. The Estate's administrative insolvency is tied directly to the fact that the Debtor is a non-operating holding company with no employees which generates no income on its own (save funds it derives from a sublease a portion of its leased corporate offices), and the only funds available to the

filing of its chapter 11 case on February 2, 2017 [ECF No. 1 (Voluntary Petition)], a fact as to which the Court can take judicial notice, *see United States v. Rey*, 811 F.2d 1453, 1457, n.5 (11th Cir. 1987); *In re Loe*, No. 07–12045–BKC–RBR, 2007 WL 997581, *1 (Bankr. S.D. Fla. Mar. 29, 2007) (Ray, J.) ("A bankruptcy judge may take judicial notice of the records on file before the court…."); (3) substantial and continuing loss to and diminution of the estate, 11 U.S.C. § 1112(b)(4)(A), *see* Committee Exs. 1(i)-(x), 2(i)-(xxxi), 3(i)-(xxxi), 12(i)-(iii), 13, 14(i)-(ii), 15(i)-(ii), 19, 20, 21, Debtor's Ex. A-C, G-H, M-N; (4) the absence of a reasonable likelihood of rehabilitation, *see id., see also* Committee Exs. 16 and 17 (letters of intent for plan sponsors the Debtor did *not* go forward with, and testimony on the final day of the Hearing by the Debtor's CEO that he lacked knowledge of any firm deal with the most recent proposed plan sponsor, definitive documentation of such a deal or any earnest money having been put up with the Debtor or any agent of the Debtor and the absence of the representative of this plan sponsor to appear and testify in support of any transaction); (5) gross mismanagement of the estate, 11 U.S.C. § 1112(b)(4)(B), *id.*; and (6) for the reasons explained in the Motion to Convert, all of which the Court adopts and incorporates herein by reference;

(iii)   There are no "unusual circumstances" present here as contemplated by 11 U.S.C. § 1112(b)(2); and

---

Debtor are those that its CEO, Ray Carter, Jr., elects to cause the non-Debtor's wholly-owned foreign subsidiaries to upstream to the Debtor. *See* Feb. 7, Trial Transcript at 52:21-52 through 54:1-8 ("Q. So it's pretty fair to say that you control the decisions about dividends from foreign subsidiaries to the debtor, right? A. During the bankruptcy, in particular, **I oversee all of that very closely, yes.** Q. And you make the decisions, right? A. **I'm the ultimate decision-maker, yes.**" *Id.* at 54:2-8) (Emphasis added). Mr. Carter's subsequent testimony on February 20, 2018, that he was not the person who controlled the decision of whether and in what extent funds were upstreamed to the Debtor was impeached.

(iv) The Debtor has failed to meet its burden of proof to establish that there is a reasonable likelihood of confirming a chapter 11 plan within the timeframes established in 11 U.S.C. § 1121(e) and 1129(e), or if such sections do not apply, a reasonable period of time, or that grounds for conversion do not include an act or omission of the Debtor other than under 11 U.S.C. § 1112(b)(4)(A).

Accordingly, the Court **ORDERS**:

1. The Motion to Convert is **GRANTED**.[2]

2. The Office of the United States Trustee shall appoint a chapter 7 trustee

**IMMEDIATELY** upon entry of this Order on the Court's docket.

# # #

Submitted by:
Paul Steven Singerman, Esq.
singerman@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*(Paul Steven Singerman, Esq. is directed to serve a copy of this order upon all interested parties and file a certificate of service within 3 days of entry of this order).*

---

[2] Because the Court is converting the Debtor's chapter 11 case to a case under chapter 7, the Court need not and does not address the alternative request of the Committee for the appointment of a chapter 11 trustee.